IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN DOUGLAS REED,                         No. CIV S-08-1123-JAM-CMK-P

        Plaintiff,

    vs.                                                         ORDER

EAMON FITZGERALD, et al.,

        Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on May 21, 2008.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,
2   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
3   if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
4   which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
5   allege with at least some degree of particularity overt acts by specific defendants which support
6   the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
7   impossible for the court to conduct the screening required by law when the allegations are vague
8   and conclusory.

9          Plaintiff names the following as defendants:  Eamon Fitzgerald, Erin Dervin, and
10  Donna Daly, who are assistant district attorneys for the County of Shasta; and Michael
11  Khoronov, Frank O'Connor, and Aaron Williams, who are public defenders.  Plaintiff alleges
12  misconduct of the prosecuting attorneys and ineffective assistance from his defense attorneys
13  with respect to an ongoing criminal prosecution.  For example, he claims that the prosecuting
14  attorneys have failed to disclose exculpatory evidence.  Plaintiff seeks, among other things, an
15  order from this court to postpone his state criminal trial which, at the time the complaint was
16  filed, was scheduled to begin on June 10, 2008.

17         The court finds that it should abstain from exercising jurisdiction in this matter.
18  See Younger v. Harris, 401 U.S. 37 (1971) (barring federal courts from hearing civil rights cases
19  stemming from ongoing criminal prosecutions).  To the extent plaintiff is asserting in this action
20  constitutional violations relating to the failure to disclose exculpatory evidence, prosecutorial
21  misconduct, or ineffective assistance of counsel, such claims sound in habeas and are premature
22  because plaintiff state criminal case is ongoing.

23         Because it does not appear possible that the deficiencies identified herein can be
24  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
25  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
26  / / /

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 26, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE